**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**WILLIAM E. SMITH**,

        **Plaintiff,**

**v.**                                     **Case No. 3:12-cv-7358**

**WEST VIRGINIA REGIONAL JAIL
& CORRECTIONAL FACILITY AUTHORITY;
WESTERN REGIONAL JAIL;
CORRECTIONAL OFFICER BERLIN;
CORRECTIONAL OFFICER MARCUM;
CORRECTIONAL OFFICER BLANKENSHIP;
CORRECTIONAL OFFICER GOODWIN;
CORRECTIONAL OFFICER VANMETER; and
CORRECTIONAL OFFICER LAMBERT,**

        **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court is Plaintiff's Motion for Emergency Preliminary Injunctive Relief in Form of Temporary Restraining Order on Defendants. (ECF No. 7). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

Plaintiff, William E. Smith ("Smith"), filed a complaint under 42 U.S.C. § 1983 on November 5, 2012 alleging abusive, threatening, and retaliatory acts on the part of certain correctional officers at the Western Regional Jail in Barboursville, West Virginia. (ECF No. 2). Smith sought declaratory and injunctive relief, as well as compensatory

and punitive damages. On November 16, 2012, Plaintiff filed the instant motion claiming continued abuse and intimidation; specifically, on the part of three officers identified as Berlin, Blankenship, and Marcum.[1] Plaintiff seeks an order from the Court requiring the Defendants "to cease and desist their personal bias attacks upon your Plaintiff, Co-Plaintiffs, witnesses, or other prisoners similarly situated during the course of this action." (ECF No. 8 at 5).

On November 29, 2012, the Court entered an Order instructing the Defendants to respond to Plaintiff's Motion for a Temporary Restraining Order. (ECF No. 12). Defendants have now responded and argue that Plaintiff is not entitled to injunctive relief for two reasons. (ECF No. 28). First, the correctional officers about whom Plaintiff complains have been suspended and are currently under investigation; therefore, Plaintiff cannot establish the likelihood of irreparable harm necessary to support preliminary injunctive relief. Second, Smith has been transferred from the Western Regional Jail to the South Central Regional Jail. Consequently, his motion is moot. (*Id.*).

For the reasons that follow, the undersigned **FINDS** insufficient grounds upon which to grant Smith's Motion for Emergency Preliminary Injunctive Relief and, thus, **RECOMMENDS** that the presiding District Judge **DENY** the Motion.

I.   <u>**Controlling Legal Principles**</u>

Fed. R. Civ. P. 65 governs the issuance of temporary restraining orders and preliminary injunctions, similar remedies that perform slightly different functions. *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 422 (4th Cir. 1999). "While a preliminary injunction preserves the status quo pending a final trial on the merits, a

---

[1] Smith originally identified Correctional Officer Blevins as a perpetrator, but later filed an amended complaint indicating that he had misidentified Officer Blevins and, in fact, was referring to Correctional Officer Marcum. (ECF No. 18-1 at 3). Officer Marcum has now been substituted for Officer Blevins as the proper Defendant. (ECF No. 20).

temporary restraining order is intended to preserve the status quo only until a preliminary injunction hearing can be held: '[U]nder federal law [temporary restraining orders] should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.'" *Id.* (quoting *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70,* 415 U.S. 423, 439, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974)). Given that Plaintiff seeks an order governing the behavior of the Defendants until resolution of the § 1983 action, the undersigned construes his motion as one for a preliminary injunction, rather than a temporary restraining order.

Fed. R. Civ. P. 65(a) allows the Court to issue a preliminary injunction after notice to the adverse party. A preliminary injunction is never granted as a matter of right, and instead, is reserved for situations in which the Plaintiff has made a clear showing that he is likely to succeed on the merits of the underlying case and is likely to suffer irreparable harm in the absence of interim injunctive relief. *Winter v. Natural Res. Def. Council,* 555 U.S. 7, 20-22, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008). The alleged harm may not be "remote or speculative, but actual and imminent." *Direx Israel, Ltd. v. Breakthrough Med. Corp.,* 952 F.2d 802, 812 (4th Cir. 1991) (quoting *Tucker Anthony Realty Corp., v. Schlesinger,* 888 F.2d 969, 975 (2nd Cir. 1989). Even then, the Court must also consider whether "the balance of equities tips in [Plaintiff's] favor" and "an injunction is in the public's interest." *Winter,* 555 U.S. at 20. Preliminary injunctive relief is an extraordinary remedy which "is to be applied 'only in [the] limited circumstances' which clearly demand it." *Direx Israel, Ltd.,* 952 F.2d at 811 (quoting *Instant Air Frieght Co. v. C.F. Air Freight, Inc.,* 882 F.2d 797, 799 (3rd Cir. 1989).

When considering a prisoner's request for injunctive relief in the context of a

prison conditions case, the Court must initially determine whether a case or controversy exists at both the time the request is made by the prisoner and when it is considered by the Court. "[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there."[2] *Rendelman v. Rouse,* 569 F.3d 182, 186 (4th Cir. 2009). "The reasons for finding mootness in such a context are clear. Once an inmate is removed from the environment in which he is subjected to the challenged policy or practice, absent a claim for damages, he no longer has a legally cognizable interest in a judicial decision on the merits of his claim." *Incumaa v. Ozmint*, 507 F.3d 281, 287 (4th Cir. 2007). Moreover, "[a]ny declaratory or injunctive relief ordered in the inmate's favor in such situations would have no practical impact on the inmate's rights and would not redress in any way the injury he originally asserted." *Id.*

Nevertheless, a narrow exception to the mootness doctrine exists for those claims that are "capable of repetition, yet evading review." *Federal Election Commission v. Wis. Right to Life*, 551 U.S. 449, 462, 127 S.Ct. 2652, 168 L.Ed.2d 329 (2007). To fall within this exception, the prisoner must demonstrate that the following two circumstances are "simultaneously present:" (1) the challenged actions are in their duration too short to be fully litigated prior to their cessation or expiration, and (2) a reasonable expectation exists that the prisoner will be subjected to the same actions again. *Spencer v. Kemna*, 523 U.S. 1, 17; 118 S.Ct. 978, 140 L.Ed.2d 43 (1998). The second characteristic requires the same prisoner to face the same alleged illegalities at the same prison. *Wolf v. Anderson,* 2006 WL 218205 *3 (S.D.W.Va.). The prisoner

---

[2] Transfer does not affect a prisoner's claim for compensatory damages, however. *See City of Los Angeles v. Lyons,* 461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983); *Rendelman,* 569 F.3d at 187.

carries the burden of establishing post-transfer viability of his claim. He "need not show with certainty that the situation will recur, but a mere physical or theoretical possibility is insufficient to overcome the jurisdictional hurdle of mootness." *Van Bergen v. State of Minn.,* 59 F.3d 1541, 1547 (8th Cir. 1995).; *see also Higgason v. Farley*, 83 F.3d 807, 810 (7th Cir. 1996) (The prisoner must make a reasonable showing "that he will again be subject to the alleged illegality."). In *Higgason*, for example, an inmate alleged that his claim for injunctive relief should not be dismissed as moot, even though he was no longer at the facility about which he complained, because his return to that facility was a "virtual certainty." *Higgason*, 83 F.3d at 811. The Court rejected this contention as a basis for applying the exception, stating, "[s]uch an allegation does not amount to a 'showing' or a 'demonstration' of the likelihood of retransfer." *Id.* Mere conjecture that the prisoner may return to the first prison and again face the alleged wrong is not sufficient to meet the mootness exception. *Id.*

## II.   <u>Analysis</u>

Defendants supplied an affidavit from the Administrator of the Western Regional Jail verifying that ten correctional officers, including four specifically identified by Plaintiff in his complaint, are currently suspended from working at the Jail. (ECF No. 27-1 at 1). Three of these officers, Berlin, Blankenship, and Marcum, are described by Plaintiff as the ringleaders of the abuse and the primary perpetrators. Fear of reprisals by these three officers forms the basis of the motion for preliminary injunctive relief. Consequently, the removal of the officers from the correctional facility significantly reduces the likelihood of irreparable harm to Plaintiff and effectively prevents him from making the clear showing of actual and imminent harm necessary to justify the extraordinary remedy of a preliminary injunction.

Moreover, Plaintiff has been transferred from the Western Regional Jail to the South Central Regional Jail.[3] Thus, Plaintiff's motion is moot. Nothing in the record suggests that Plaintiff is slated to return to the Western Regional Jail, or that the allegedly abusive correctional officers will be present at the facility if Smith is returned. For these reasons, the undersigned **FINDS** that the emergency injunctive relief sought by Plaintiff is not warranted.[4]

III.   <u>**Proposal and Recommendations**</u>

For the reasons stated, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Plaintiff's Motion for Emergency Preliminary Injunctive Relief in Form of Temporary Restraining Order on Defendant (ECF No. 7) be **DENIED**.

Plaintiff is hereby notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the

---

[3] The affidavit supplied by Defendants on December 14, 2012 indicated that Smith was in the process of being transferred. (ECF No. 27-1 at 2). An inmate search performed on December 19, 2012 through the West Virginia Regional Jail and Correctional Facility Authority's website confirms that Smith is now housed at the South Central Regional Jail. *See* www.wvrja.com.

[4] Smith's request for injunctive relief on behalf of "Co-Plaintiff, witnesses, or other prisoners similarly situated during the course of this action" also is clearly not warranted. Smith is the sole Plaintiff in this civil action and, inasmuch as he is not a lawyer, he is precluded from representing the legal interests of other prisoners. *See Lescs v. Martinsburg Police Dep't,* 138 Fed. App'x 562, 564 (4th Cir.2005) (per curiam) (unpublished); *Oxendine v. Williams,* 509 F.2d 1405, 1407 (4th Cir.1975) (per curiam).

"Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Plaintiff, the Defendants, and counsel of record.

**FILED**:  December 19, 2012.

Cheryl A. Eifert
United States Magistrate Judge