IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

WILLIAM E. SMITH,

        Plaintiff,

v.                                                      CIVIL ACTION NO.   3:12-CV-7358

WEST VIRGINIA REGIONAL JAIL
& CORRECTIONAL FACILITY AUTHORITY;
WESTERN REGIONAL JAIL;
CORRECTIONAL OFFICER BERLIN;
CORRECTIONAL OFFICER MARCUM;
CORRECTIONAL OFFICER BLANKENSHIP;
CORRECTIONAL OFFICER GOODWIN;
CORRECTIONAL OFFICER VANMETER; AND
CORRECTIONAL OFFICER LAMBERT,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

On November 5, 2012, Plaintiff William E. Smith filed a *pro se* action pursuant to 42 U.S.C. § 1983, asserting, *inter alia,* that he was physically assaulted over a period of several days by certain correctional officers at the Western Regional Jail in Barboursville, West Virginia. In accordance with this Court's procedure, the action was referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).   On November 16, 2012, Plaintiff filed a "Motion for Emergency Preliminary Injunctive Relief in Form of Temporary Restraining Order on Defendants et. al." ECF No. 7.   In his motion, Plaintiff states that there is a clandestine policy of abuse, harassment, retaliation, and intimidation at the facility, and he attached sworn statements of two other inmates who stated they also were abused by correctional

officers. In his Memorandum in Support of his Motion, Plaintiff asks this Court to "order defendants by (T.R.O.) to cease and desist their personal bias attacks upon your Plaintiff, Co-Plaintiffs, witnesses, or other prisoners similarly situated during the course of this action[.]" *Mem. in Support of Mot. for Temp. Restraining Order*, ECF No. 8, at 5.[1]

The West Virginia Regional Jail and Correctional Facility Authority (WVRJCFA) was granted an extension of time and responded to the motion on December 14, 2012. In its Response, the WVRJCFA stated that a number of correctional officers were suspended from the facility, including Officers Berlin, Marcum, and Blankenship identified as Defendants in Plaintiff's Amended Complaint filed on December 11, 2012.[2] In addition, the WVRJCFA stated it was transferring Plaintiff that same day to the South Central Regional Jail in Charleston, West Virginia. Therefore, the WVRJCFA argued that Plaintiff's motion for an emergency preliminary injunction and a temporary restraining order is moot because any alleged threat at the facility to Plaintiff's safety no longer existed.

On December 19, 2012, the Magistrate Judge issued Proposed Findings and Recommendations with respect to the motion[3] and recommended Plaintiff not be granted either a temporary restraining order or a preliminary injunction. The Magistrate Judge focused on Plaintiff's request for a preliminary injunction, noting that a temporary restraining order would

---

[1] Plaintiff has written number 6 at the bottom of the page, but it is located on page 5 of the ECF.

[2] Plaintiff also names Correctional Officers Goodwin, VanMeter, and Lambert. There is no mention by the WVRJCFA of those officers being suspended.

[3] The underlying § 1983 action remains before the Court.

preserve the status quo only until a hearing on his request for a preliminary injunction could be held. In order for a preliminary injunction to be issued under Rule 65 of the Federal Rules of Civil Procedure, a plaintiff must show, *inter alia*, that he is likely to suffer irreparable harm if injunctive relief is not granted. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20-22 (2008).[4] However, as Plaintiff no longer had any contact with the correctional officers at issue, the Magistrate Judge found it "significantly reduces the likelihood of irreparable harm to Plaintiff and effectively prevents him from making the clear showing of actual and imminent harm necessary to justify the extraordinary remedy of a preliminary injunction." *Prop. Findings and Rec.*, ECF No. 29, at 5 (Dec. 19, 2012). Moreover, the Magistrate Judge found the fact Plaintiff was no longer even at the Western Regional Jail, with no indication he would ever be returned to the facility, made his current motion for an injunction moot. Therefore, the Magistrate Judge recommended that Plaintiff's motion be denied.

Plaintiff objects to the Proposed Findings and Recommendations on several grounds. Although some of the objections are not entirely clear, it appears that Plaintiff's primary complaint is that he continued to be mistreated while he was inmate at the Western Regional Jail which necessitated him filing the emergency motion. Therefore, Plaintiff asserts his motion should have been immediately granted as a temporary restraining order when it was filed. He further asserts that the facility he was transferred to is overcrowded and he has no reason to believe he will not be mistreated at the new facility unless a restraining order is entered.

---

[4] In *Winter*, the Supreme Court held that, to obtain a preliminary injunction, a plaintiff must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." 555 U.S. at 20 (citations omitted).

In considering Plaintiff's motion, the Court looks to the current posture of the case and finds that whether or not the Magistrate Judge could have recommended the Court enter a temporary restraining order is irrelevant as to whether a preliminary injunction should now be entered. As several of the correctional officers have been suspended and Plaintiff is no longer even at the Western Regional Jail, the Court agrees with the Magistrate Judge that Plaintiff's claim for injunctive relief is now moot. Although Plaintiff asserts he may be subjected to retaliation and abuse at his current facility, his assertion is mere speculation, and it is insufficient to serve as the basis for an injunction. *See Al-Abood v. El-Shamari,* 71 F. Supp.2d 511, 514 (E.D. Va. 1999) (citation omitted) (stating "the clear showing of irreparable harm proffered by the movant can not be either remote or speculative; it must be both actual and immediate"). Therefore, the Court agrees with the Magistrate Judge that Plaintiff's motion for injunctive relief must be denied.[5]

Accordingly, for the reasons stated above, the Court **DENIES** Plaintiff's objections (ECF No. 38), **ACCEPTS** and **INCORPORATES** herein the Findings and Recommendations of the Magistrate Judge, and **DENIES** Plaintiff's Motion for Emergency Preliminary Injunctive Relief in Form of Temporary Restraining Order on Defendant. ECF No. 7.

---

[5]The Court also rejects Plaintiff's argument that he should be able to represent other inmates in this action. As mentioned by the Magistrate Judge in note 4 of the Proposed Findings and Recommendations, Mr. Smith is the only named Plaintiff and, as he is not a lawyer, he cannot litigate the legal interests of other inmates. *See Prop. Findings and Rec.*, ECF No. 29, at 6 n.4 (citations omitted). Likewise, the Court denies Plaintiff's cursory statement that the Proposed Findings and Recommendations fail to enforce the Rehabilitation Act and the American with Disabilities Act.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to Magistrate Judge Cheryl A. Eifert, all counsel of record, and any unrepresented parties.

      ENTER:    March 5, 2013

_____
ROBERT C. CHAMBERS, CHIEF JUDGE