IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**WILLIAM E. SMITH,**

      **Plaintiff,**

v.                                                  Case No.:  3:12-cv-07358

**WEST VIRGINIA REGIONAL JAIL &**
**CORRECTIONAL FACILITY AUTHORITY,**
et al.

      **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

On November 5, 2012, Plaintiff William E. Smith ("Smith"), proceeding *pro se* and then incarcerated at the Western Regional Jail in Barboursville, West Virginia, filed a complaint under 42 U.S.C. § 1983, alleging that he had been the victim of physical and verbal abuse at the Jail and requesting declaratory and injunctive relief, as well as money damages. (ECF No. 2). Smith has since been transferred to the custody of the State of Ohio. This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by standing order has been referred to the undersigned United States Magistrate Judge for total pretrial management and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3).

Pending before the Court are the Motion to Dismiss on Behalf of Defendants, West Virginia Regional Jail & Correctional Facility Authority ("the Authority") and the

1

Western Regional Jail ("WRJ"), (ECF No. 74), the Amended Motion to Dismiss on Behalf of the Defendants, (ECF No. 90), Plaintiff's Motion in Opposition to the Defendants' Motion, (ECF No. 79), and Plaintiff's Motion to Release the West Virginia Regional Jail & Correctional Facility and the Western Regional Jail, (ECF No. 108). Defendants seek an order dismissing the Authority and the WRJ as they are agencies of the State of West Virginia and, consequently, are not subject to suit. Plaintiff originally opposed dismissal, but now correctly acknowledges that the Authority and the WRJ are not proper parties in this § 1983 action. (*See* ECF No. 108).

In order to state a cause of action under § 1983, Smith must present facts showing that: (1) a person (the defendant) deprived him of a federally protected civil right, privilege or immunity and (2) that the defendant did so under color of state law. *Perrin v. Nicholson*, 2010 U.S. Dist. LEXIS 105121, at *4 (D.S.C. 2010); *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-52, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999). If either of these elements is missing, the complaint fails to state a claim for relief under 42 U.S.C. § 1983. Given that neither the Authority, nor the WRJ, is a person subject to suit under § 1983, Smith's complaint against these defendants should be dismissed. *Will v. Michigan Department of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45, (1989); *See also*; *Cantley v. Western Regional Jail and Correctional Facility Authority,* 728 F.Supp.2d 803 (S.D.W.Va. 2010) (finding that the West Virginia Regional Jail Authority and Correctional Facility is not a "person" for purposes of a claim for money damages under § 1983)[1]; *Roach v. Burch,* 825 F.Supp. 116 (N.D.W.Va. 1993).

---

[1] The Western Regional Jail is nothing more than a facility operated and controlled by the Authority. *West Virginia Code § 30-20-1a, et seq.* As such, the Jail is subsumed by the Authority and therefore is not a "person" under § 1983. *Noe v. West Virginia,* Case No. 3:10-cv-38, 2010 WL 3025561 at *5 (N.D.W.Va. July 29, 2010). *See also Mora v. Westville Correctional Facility,* Case No. 3:07-cv-259, 2008 WL 2906761 (N.D. Ind. July 24, 2008) at *2-3.

Furthermore, as arms of the State of West Virginia, the Authority and the WRJ enjoy immunity from suit under the Eleventh Amendment to the United States Constitution.[2] *Roach,* 825 F.Supp. at 119. This immunity protects both the State itself and its agencies, divisions, departments, officials, and other "arms of the State." *Taylor v. Ozmint,* 2011 WL 286133 (D.S.C.) (citing *Will,* 491 U.S. at 78); *see also Regents of the Univ. of California v. Doe,* 519 U.S. 425, 429, 117 S.Ct. 900, 137 L.Ed.2d 55 (1977) ("[I]t has long been settled that the reference [in the Eleventh Amendment] to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities."); *Field v. McMaster,* Case No. 6:09-1949-HMH-BHH, 2010 WL 1076060 (D.S.C. March 18, 2010) (An agency of the State is immune from suit regardless of the nature of relief sought).[3]

Consequently, the undersigned **PROPOSES** that the presiding District Judge **FIND** that (1) neither the Authority, nor the WRJ, is a "person" under the provisions of 42 U.S.C. § 1983; (2) both entities are arms of the State and immune from suit pursuant to the Eleventh Amendment to the United States Constitution; and (3) dismissal of these parties is appropriate. In addition, the undersigned respectfully **RECOMMENDS** that:

---

[2] The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

[3] Eleventh Amendment immunity does not prohibit claims for non-monetary relief against a State official in his/her official capacity to enjoin violations of constitutional law. *Ex Parte Young,* 209 U.S. 123, 159–60, 28 S.Ct. 441, 52 L.Ed. 714 (1908). However, even if Smith had named an official of the Authority and the WRJ in his/her official capacity for claims seeking injunctive and declaratory relief, those claims were mooted by Smith's transfer to Ohio. "[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there." *Rendelman v. Rouse,* 569 F.2d 182, 186 (4th Cir. 2009).

1. The Motion to Dismiss on Behalf of Defendants, West Virginia Regional Jail & Correctional Facility Authority and the Western Regional Jail, (ECF No. 74), and the Amended Motion to Dismiss on Behalf of the Defendants, (ECF No. 90), be **GRANTED;**

2. Plaintiff's Motion in Opposition to the Defendants' Motion, (ECF No. 79), be **DENIED**;

3. Plaintiff's Motion to Release the West Virginia Regional Jail & Correctional Facility Authority and the Western Regional Jail, (ECF No. 108), be **GRANTED**;

4. Plaintiff's complaint and amended complaint be **DISMISSED, with prejudice,** against the West Virginia Regional Jail & Correctional Facility Authority and the Western Regional Jail, but continue to pend against the remaining defendants; and

5. The West Virginia Regional Jail & Correctional Facility Authority and the Western Regional Jail be removed as defendants from the style of this civil action.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, The parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S.

140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Plaintiff, Defendants, counsel of record, and any unrepresented party.

**FILED:** June 5, 2013.

Cheryl A. Eifert
United States Magistrate Judge