IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**WILLIAM E. SMITH**,

    **Plaintiff,**

v.                                            Case No. 3:12-cv-7358

**CORRECTIONAL OFFICER BERLIN;
CORRECTIONAL OFFICER MARCUM;
CORRECTIONAL OFFICER BLANKENSHIP;
CORRECTIONAL OFFICER GOODWIN;
CORRECTIONAL OFFICER VANMETER;
CORRECTIONAL OFFICER LAMBERT,
and MICHAEL CLARK,**

    **Defendants.**

## MEMORANDUM OPINION AND
## ORDER OF FIRST DISCOVERY STATUS CONFERENCE

On July 26, 2013, the Court held a telephonic conference with the parties in the above-styled civil action to determine the status of discovery. After hearing from Plaintiff and counsel for the Defendants, the Court **ORDERS** as follows:

    1.    Plaintiff's Motion for the Appointment of Counsel, (ECF No. 88), is **DENIED**. Although the Court may, in its discretion, request an attorney to represent Plaintiff in this § 1983 action, he has no constitutional right to counsel. 28 U.S.C. § 1915(e)(1) (2010); *see also Hardwick v. Ault,* 517 F.2d 295, 298 (5th Cir.1975). The United States Court of Appeals for the Fourth Circuit has made it clear that the appointment of counsel in civil actions "should be allowed only in exceptional cases." *Cook v. Bounds,* 518 F.2d 779, 780 (4th Cir.1975). Whether sufficiently remarkable

circumstances exist to justify *pro bono* representation depends on the complexity of the claims and the ability of the indigent party to present them. *Whisenant v. Yuam,* 739 F.2d 160, 163 (4th Cir.1984);  see also *Branch v. Cole,* 686 F.2d 264, 266. ("[N]o comprehensive definition of exceptional circumstances is practical. The existence of such circumstances will turn on the quality of two basic factors-the type and complexity of the case, and the abilities of the individuals bringing it." (footnote omitted)). Here, Plaintiff fails to present evidence or argument supporting the conclusion that his case meets the high threshold necessary for the appointment of counsel. To the contrary, Plaintiff primarily argues that counsel should be appointed because his incarceration prevents him from conducting adequate discovery, such as depositions. Unfortunately, the limitations associated with Plaintiff's custodial status do not, in and of themselves, merit the appointment of counsel. *Louis v. Martinez,* Case No. 5:08-cv-151, 2010 WL 1484302, at *1 (N.D.W.Va. Apr. 12, 2010). The Court has examined the record and finds that the claims asserted by Plaintiff are simple, and he has proven quite capable of presenting them. Therefore, the circumstances do not justify the appointment of counsel.

2.      Plaintiff's Motion for an order directing the Clerk of the United States District Court for the Northern District of Ohio to transfer certain documents filed in that District to this civil action is **DENIED**. (ECF No. 109). Plaintiff is advised that he bears the responsibility of obtaining copies of those documents from the Clerk and filing them in this action.

3.      Plaintiff's Motion to Compel Discovery, (ECF No. 113), is **GRANTED** to the extent that Defendants have additional information not previously provided to Plaintiff. By Order entered April 16, 2013, (ECF No. 99), Defendants were instructed to

provide specific discovery materials to Plaintiff. Defendants indicate that they have complied with this Order, but agree to perform a further investigation and supply Plaintiff with any relevant documents not previously produced. Defendants shall have **twenty (20) days** in which to complete their search and supplement their production, if necessary. If no other responsive documents exist, Defendants shall so advise Plaintiff.

4. Defendants' Motion to Compel Plaintiff to provide a signed authorization for the release of medical records and for sanctions, (ECF No. 126), is **GRANTED, in part**, and **DENIED, in part**. After discussing the parameters of the authorization form, Plaintiff agrees to sign and return a revised release within ten (10) days after its receipt. Given that Plaintiff's earlier refusal to sign an authorization was based upon his valid objection to the scope of the proposed records release, the Court finds that an award of sanctions is inappropriate.

5. Defendants' Motion to Compel Plaintiff to sign an authorization for the release of correctional records is **DENIED**, as moot, (ECF No. 127), as Plaintiff has signed the authorization form and supplied it to Defendants.

6. Plaintiff's Motion for Taking Deposition of Michael Smith, (ECF No. 133), is **DENIED**. Plaintiff requested an opportunity to participate in the recently completed deposition of Michael Smith. By order of the Court, Defendants arranged for Plaintiff's telephonic attendance at the deposition; accordingly, that portion of the motion is moot. Plaintiff also requests that the Court order Defendants to take depositions of other inmates who were housed at the Western Regional Jail during the relevant time frame. The Court advises Plaintiff that the federal discovery rules do not authorize the Court to compel Defendants to take depositions at Plaintiff's request. Consequently, his motion must fail.

- 4 -

The parties are working diligently to complete discovery in this case; however, some discovery remains unfinished. Therefore, the Court sets this matter for a follow-up telephonic status conference on **Monday, October 28, 2013 at 1:30 p.m.** at **Huntington.** Plaintiff is **ORDERED** to notify the Court of his location two weeks in advance of the status conference so that his presence at the conference can be arranged.

The Clerk is instructed to provide a copy of this Order to Plaintiff, any unrepresented party, and counsel of record.

**ENTERED:** July 29, 2013.

Cheryl A. Eifert
United States Magistrate Judge