**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**WILLIAM E. SMITH,**

        **Plaintiff,**

**v.**                                     **Case No.:  3:12-cv-07358**

**CORRECTIONAL OFFICER BERLIN;
CORRECTIONAL OFFICER MARCUM;
CORRECTIONAL OFFICER BLANKENSHIP;
CORRECTIONAL OFFICER GOODWIN;
CORRECTIONAL OFFICER VANMETER;
CORRECTIONAL OFFICER LAMBERT,
and MICHAEL CLARK,**

        **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

On November 5, 2012, Plaintiff William E. Smith ("Smith"), proceeding *pro se* and then incarcerated at the Western Regional Jail in Barboursville, West Virginia, filed a complaint under 42 U.S.C. § 1983, alleging that he had been the victim of physical and verbal abuse at the Jail and requesting declaratory and injunctive relief, as well as money damages. (ECF No. 2). Smith has since been transferred to the custody of the State of Ohio. This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by standing order has been referred to the undersigned United States Magistrate Judge for total pretrial management and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3).

Pending before the Court is the Plaintiff's Motion for Partial Summary Judgment Against Defendants Berlin, Marcum, Blankenship, and Lambert. (ECF No. 141). Defendants have filed a memorandum in opposition to the Motion, (ECF No. 148), and Plaintiff has filed a reply. (ECF No. 157). After carefully considering the arguments of the parties and the attached exhibits, the undersigned **FINDS** that there are genuine issues of material fact in dispute, which preclude entry of summary judgment. Therefore, the undersigned respectfully **RECOMMENDS** that Plaintiff's motion be **DENIED**.

## I.   <u>Complaint</u>

Smith alleges that on October 19, 2012, he was transferred from the Tygart Valley Regional Jail to the Western Regional Jail. That afternoon, Smith asked for a mattress for his cell. He was not given a mattress, and was told that he would have to sleep on his clothes until he got one. Smith slept on the floor that night. The following day, Smith again asked for a mattress and advised the correctional officer that he would file a grievance if a mattress was not supplied. The correctional officer, Defendant Berlin, took offense with Smith's mention of filing a grievance and began to harass him. That night, Berlin and other correctional officers, including some of the co-defendants, came to Smith's cell where they verbally and physically assaulted him. According to Smith, he suffered a broken jaw from the attack. Although he needed immediate medical attention, Smith was instead placed in "lock down" that night.

Smith later learned from other inmates that Berlin was part of a "posse" of correctional officers that regularly threatened, intimidated, verbally abused, and physically assaulted inmates. The other inmates discouraged Smith from filing a grievance form, warning him that complaining about the officers would only intensify

their abuse. Smith claims he continued to be the target of harassment from the defendants, which did not end until the officers were removed from their posts.

## II.   <u>Positions of the Parties</u>

Smith contends that he is entitled to partial summary judgment against Defendants Berlin, Marcum, Blankenship, and Lambert for several reasons. First, he argues that these defendants have strategically failed to respond to legitimate discovery requests in order to hide evidence that supports Smith's complaint. (ECF No. 141 at 3). Second, Smith asserts that the defendants have intentionally misstated facts, produced contradictory statements and documents, forged records, and failed to produce evidence verifying the defenses contained in their answers. (*Id.* at 5-9). Finally, Smith discusses his various causes of action, which he asserts are well-supported by evidence that he will present at trial. (*Id.* at 6-9). According to Smith, this evidence will conclusively establish that Defendants Berlin, Marcum, Blankenship, and Lambert physically and verbally assaulted Smith and other inmates in violation of departmental policies and with the malicious and sadistic intent to harm them. (*Id.* at 10). Smith attaches to his motion correspondence from the West Virginia Regional Jail and Correctional Facility Authority documenting that Defendant Blankenship was suspended and Defendants Berlin, Marcum, and Lambert were fired after an investigation into charges that they used excessive force, (ECF Nos. 141-1, 141-2, 141-3, 141-4); sworn statements from two other inmates who claim abuse by members of the "posse," (ECF No. 141-5 at 5-6); and other paperwork demonstrating that the defendants have repeatedly confused the date of the attack as an evidentiary smokescreen. (ECF Nos. 141-5, 141-6).

In response, the defendants argue that Smith's motion for partial summary judgment must be denied because (1) discovery is ongoing; and (2) Smith was never

assaulted by the defendants. (ECF No. 148 at 6-8). In support of their position, the defendants attach a portion of Smith's deposition transcript in which he testifies that Defendant Marcum was the only officer that physically assaulted him. (ECF No. 148-1 at 9). They then provide an affidavit from Marcum refuting Smith's accusations and swearing that he never verbally or physically mistreated Smith. (ECF No. 148-2 at 27). Defendants also supply statements taken from other inmates on Smith's pod, who deny seeing the correctional officers assault Smith. (ECF No. 148-2 at 7-20). In addition, the defendants offer photographs and a record documenting Smith's visit to the Jail's Medical Unit two or three days after the alleged assault, neither of which reflects visible signs of physical injury to Smith. (ECF No. 148-1 at 19, ECF No. 148-2 at 21-23). In summary, the defendants argue that this evidence corroborates their claim that Smith was never assaulted; thus, Smith's evidence to the contrary is not dispositive.

Smith replies to the defendants' denial of the assault by challenging the validity of their evidence and the credibility of their witnesses. Smith emphasizes that the defendants produce only self-serving documents in furtherance of their conspiracy to hide their constitutional violations. (ECF No. 157). He contends that the other inmates were fearful of Defendants Marcum, Berlin, Lambert, and Blankenship, and their statements were coerced. To refute the defendants' assertions of innocence, Smith supplies other portions of his deposition transcript, (ECF No. 157-1 at 29-86), as well as incident and grievance forms. (*Id.* at 1-28). Smith points out that the exculpatory documents produced by the defendants were also prepared by them or at their request, noting that in the course of its investigation of the defendants, the Jail and Correctional Facility Authority established that they had a habit of filing inaccurate and untruthful

paperwork. For these reasons, Smith argues that the defendants' evidence is both suspect and insufficient to overcome his motion.

### III.   <u>Summary Judgment Standard</u>

Summary judgment should be granted if the movant shows, through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motion only), admissions, interrogatory answers, or other materials," that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. The party moving for summary judgment has the initial burden of showing that no genuine issue of material fact is present. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). A "material fact" is a fact that might affect the outcome of a party's case under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). On the other hand, a fact is not material when it is of no consequence to the outcome, or is irrelevant in light of the governing law. *Id.* In addition, only *genuine* disputes over material facts "will properly preclude the entry of summary judgment." *Id.*; *JKC Holding Co. v. Wash. Sports Ventures, Inc.,* 264 F.3d 459, 465 (4th Cir. 2001). A dispute is "genuine" when "there is sufficient evidence on which a reasonable jury could return a verdict in favor of the non-moving party." *Cox v. Cnty. of Prince William,* 249 F.3d 295, 299 (4th Cir.2001) (*citing Anderson,* 477 U.S. at 248).

Once the moving party has met its burden, the non-moving party must affirmatively respond with specific evidence "showing that there is a *genuine issue for*

trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (emphasis in original). A party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy,* 769 F.2d 213, 214 (4th Cir. 1985) (*citing Barwick v. Celotex Corporation,* 736 F.2d 946, 963 (4th Cir. 1984). Instead, the non-moving party must offer some "concrete evidence from which a reasonable juror could return a verdict in his favor." *Anderson,* 477 U.S. at 256.

When considering a motion for summary judgment, the court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson,* 477 U.S. at 249. In making this determination, the court will view the evidence in the light most favorable to the non-moving party and draw from it all permissible inferences in that party's favor. *Diebold, Inc.,* 369 U.S. at 655; *Matsushita Elec. Indus. Co.,* 475 U.S. at 587–88.

## IV.   <u>Discussion</u>

Partial summary judgment is not appropriate at this time given the existence of genuine issues of material fact. In order for Smith to succeed on his § 1983 claim, he must demonstrate that a person acting under color of state law deprived him of a federally protected civil right, privilege or immunity. *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50–52 (1999). Here, Smith alleges that his First Amendment and Eighth Amendment rights were violated when the defendants physically and verbally assaulted him in retaliation for his plan to file a grievance form. According to Smith, after the assault, he was denied prompt medical care and was placed in isolation without cause. In support of his allegations, Smith offers his own statements and testimony, grievance forms, incident reports, and other evidence documenting at least

one occasion on which three of the four defendants named in his motion used excessive and unwarranted force against an inmate.

However, in response to the motion, the defendants have produced testimony and other records indicating that Smith was not the victim of physical or verbal abuse at the hands of the defendants, including inmate statements, medical records, and photographs. Moreover, they contend that the personnel records of the defendants documenting suspensions and dismissals have no bearing on Smith's allegations because the records plainly involve different inmates and unrelated incidents.

The record before the Court contains conflicting evidence regarding a key component of Smith's case; that being, whether Smith was physically assaulted by the defendants. While Smith has offered evidence tending to support his complaint, the defendants have also supplied concrete evidence in rebuttal. The Court must view the evidence in the light most favorable to the defendants and determine whether they have presented sufficient evidence upon which a reasonable jury could return a verdict in their favor. Having considered the evidence submitted by both parties, the undersigned **FINDS** that there are genuine issues of material fact, which prevent the entry of a partial summary judgment in favor of Smith and against Defendants Berlin, Blankenship, Marcum, and Lambert.

## V.   **Proposal and Recommendation**

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the United States District Judge accept and adopt the findings herein and **RECOMMENDS** that Plaintiff's Motion for Partial Summary Judgment, (ECF No. 141), be **DENIED**.

The parties are notified that this "Proposed Findings and Recommendations" is

hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure. The parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Plaintiff, Defendants, counsel of record, and any unrepresented party.

**FILED:** December 20, 2013.

Cheryl A. Eifert
United States Magistrate Judge

8