IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**WILLIAM E. SMITH,**

    **Plaintiff,**

v.                                                                    Case No.:  3:12-cv-07358

**CORRECTIONAL OFFICER BERLIN;**
**CORRECTIONAL OFFICER MARCUM;**
**CORRECTIONAL OFFICER BLANKENSHIP;**
**CORRECTIONAL OFFICER GOODWIN;**
**CORRECTIONAL OFFICER VANMETER;**
**CORRECTIONAL OFFICER LAMBERT,**
**and MICHAEL CLARK,**

    **Defendants.**

## ORDER

Pending before the Court are the following motions: (1) Plaintiff's Motion to Amend Damages, (ECF No. 138); (2) Plaintiff's Motion for Leave to Amend Damages and Supporting Memorandum, (ECF No. 147); and (3) Plaintiff's Motion to Strike Response in Opposition. (ECF No. 150). Having considered the motions, the Court **GRANTS**, in part, and **DENIES**, in part Plaintiff's Motion to Amend Damages and Motion for Leave to Amend Damages. (ECF Nos. 138, 147). The Court grants Plaintiff's request to increase the amount of money damages sought by Plaintiff against the defendants in their personal capacities. Plaintiff is further granted leave to seek punitive damages, if such damages are permitted by law. However, the Court denies Plaintiff's request to sue the defendants in their official capacities, as money damages are not

available under § 1983 for the actions of a state official acting within his official capacity. *Will v. Michigan Department of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Moreover, Plaintiff's allegations do not implicate the defendants in their official capacities. To the extent Plaintiff seeks to sue the defendants in their official capacities in order to request prospective relief, the request is denied because Plaintiff is no longer in the custody of the State of West Virginia; therefore, his claims for prospective relief are moot. *Rendelman v. Rouse,* 569 F.3d 182, 186 (4th Cir. 2009). In any event, the defendants would not be the proper state officials to name in an action seeking prospective relief.

Plaintiff's motion to strike the defendants' response in opposition to his motions to amend is **DENIED**. (ECF No. 150). The defendants' responses in opposition complied with the relevant federal and local rules of this Court. Accordingly, there is no basis upon which to strike them.

The Clerk is instructed to provide a copy of this Order to Plaintiff, counsel of record, and any unrepresented party.

**ENTERED:** December 20, 2013.

Cheryl A. Eifert
United States Magistrate Judge