IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

WILLIAM E. SMITH,

        Plaintiff,

v.                                       CIVIL ACTION NO.   3:12-CV-7358

CORRECTIONAL OFFICER BERLIN;
CORRECTIONAL OFFICER MARCUM;
CORRECTIONAL OFFICER BLANKENSHIP;
CORRECTIONAL OFFICER GOODWIN;
CORRECTIONAL OFFICER VANMETER; AND
CORRECTIONAL OFFICER LAMBERT,

        Defendants.

**ORDER**

Currently pending before this Court is a *pro se* civil rights action, brought pursuant to 42 U.S.C. § 1983, in which Plaintiff William E. Smith alleges he was subjected to physical and verbal abuse, retaliation, and deliberate indifference to his medical needs while he was an inmate at the Western Regional Jail in Barboursville, West Virginia. This action was referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted findings of fact and recommended that this Court: (1) grant summary judgment in favor of Defendants Goodwin, Vanmeter, Berlin, Blankenship, and Clark (ECF Nos. 170, 173, & 175) and remove them from the style of this case; (2) grant summary judgment in favor of Defendant Lambert on all claims except Plaintiff's claims

of supervisory liability and retaliation, allowing those claims to proceed to trial (ECF No. 175);[1] (3) grant, in part, and deny, in part, Plaintiff's motion in opposition to Defendants' motions for summary judgment (ECF No. 180) and permit his Eighth Amendment claim for the use of excessive force and his State law claim of battery against Defendant Marcum to proceed to trial; and (4) reconsider Plaintiff's motion for appointment of counsel (ECF No. 88), and appoint counsel to assist Plaintiff at trial in this civil action; and (5) set a pretrial and trial schedule for these matters. Plaintiff objects, in part, to the Magistrate Judge's findings and recommendations. (ECF No. 197). The Court reviews *de novo* those parts of the Proposed Findings and Recommendations to which Plaintiff specifically objects. 28 U.S.C. § 636(b)(1) (providing, in part, "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made").

In his objections, Plaintiff argues that the Magistrate Judge erred in recommending this Court grant summary judgment on his claims against Defendants Berlin, Blankenship, Goodwin, Vanmeter, and Clark because discovery is not yet completed. However, a review of the docket sheet establishes that discovery is complete and there are no outstanding motions to compel or motions for sanctions for failing to comply with discovery requests and/or orders. Therefore, the Court denies Plaintiff's objection that the Magistrate Judge prematurely made her Proposed Findings and Recommendations.

---

[1] On August 29, 2014, the Magistrate Judge entered an Amendment to Proposed Findings and Recommendations (ECF No. 193) recommending that Plaintiff be permitted to proceed to trial on his First Amendment retaliation claim against Defendant Lambert based upon a Fourth Circuit decision that was rendered the previous day. *See Booker v. South Carolina Dept. of Corrections*, No. 13-7828, 2014 WL 4244253 (4th Cir. Aug. 28, 2014).

Plaintiff further argues that the Magistrate Judge erred in determining that he cannot pursue his claims for his emotional injuries. Plaintiff asserts Defendants taunted and harassed him and they conspired together to cause him psychological harm. As a result, he insists he should be able to pursue a claim against them for their actions. However, as stated by the Magistrate Judge, "[t]he law is well-established that 'mere threats or verbal abuse, without more, do not state a cognizable claim under § 1983.'" *Proposed Findings and Recommendations*, at 15 (ECF No. 192) (quoting *Wilson v. McKeller*, 254 F. App'x 960, 961 (4th Cir. 2007) (other citations omitted). Upon review of the record, the Court agrees with the Magistrate Judge that Plaintiff's claims of psychological harm based on verbal harassment and taunting cannot survive.

Plaintiff also argues that the Magistrate Judge erred in determining he could not proceed on his claim of supervisory liability against Defendant Clark. Plaintiff asserts Defendant Clark knew his subordinates were acting outside the scope of their official duties but did nothing to stop them. The Magistrate Judge, however, found Plaintiff produced no evidence that Defendant Clark had either actual or constructive prior knowledge of abuse by the correctional officers. In fact, Plaintiff produced evidence that the correctional officers took efforts to hide abuse from jail administrators. *Id*. at 22. Without sufficient evidence supporting his claim, the Court agrees with the Magistrate Judge that summary judgment in favor of Defendant Clark is proper.

Plaintiff also contends that he should be able to proceed on his claim of deliberate indifference to his medical needs. Plaintiff asserts that he not only suffered a broken jaw, but he was subjected to extreme conduct and was not given any mental health screening for his

post-traumatic stress disorder (PTSD). In the Proposed Findings and Recommendations, the Magistrate Judge reviewed the facts related to his jaw and found "the record simply does not support a finding of deliberate indifference sufficient to meet the subjective component of the claim." *Id*. at 17. Likewise, the Magistrate Judge found Plaintiff failed to produce evidence to support his claim of deliberate indifference to his PTSD. *Id*. at 19-20. Upon review of the evidence for both of these circumstances, the Court agrees with the Magistrate Judge. Thus, the Court rejects Plaintiff's objections in this regard.

Although Plaintiff makes other miscellaneous, general, and conclusory "objections" in his brief, the Court finds them without merit.[2] Accordingly, for the foregoing reasons, the Court **DENIES** Plaintiff's objections and **ACCEPTS AND INCORPORATES** the Proposed Findings and Recommendations and the Amendment to the Proposed Findings and Recommendations of the Magistrate Judge. As part of the recommendations, the Magistrate Judge recommends this Court reconsider Plaintiff's motion for appointment of counsel. Upon reconsideration, the Court affirms its prior decision as there is no mechanism for the Court to pay for appointed counsel in a civil case. The Court will schedule a pretrial hearing, final settlement conference, and trial by separate Order.

---

[2]The Court need not conduct a *de novo* review "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (citations omitted).

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented parties.

ENTER: September 30, 2014

_____
ROBERT C. CHAMBERS, CHIEF JUDGE